FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALYSSA VOUGAS, <br><br> Plaintiff/Counter Defendant, <br><br> v. <br><br> SUTTELL AND HAMMER, PS., <br><br> Defendant/Counter Plaintiff, | NO:  2:18-CV-331-RMP <br><br> ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE |

BEFORE THE COURT is a Motion for Summary Judgment by Defendant

Suttell and Hammer, PS ("Suttell"), ECF No. 12, a Motion for Partial Summary

Judgment by Plaintiff Alyssa Vougas, ECF No. 20, and a Motion to Strike Plaintiff's

Motion for Partial Summary Judgment by Suttell, ECF No. 23.  Having reviewed the

parties' filings regarding all three motions, and the relevant law, the Court is fully

informed.

**BACKGROUND**

The following facts are undisputed unless otherwise noted.  Plaintiff Vougas

had an American Express Centurion Bank ("American Express") credit card account.

ECF Nos. 13 at 1; 17 at 1.  American Express charged off Vougas's account in May

2012, at which point Vougas's unpaid balance was $14,968.09. ECF No. 13 at 2.

American Express secured a default judgment against Vougas on July 19, 2012, in the

amount of $14,968.09. ECF No. 14-1 at 2. The default judgment found that

American Express was entitled to recover from Vougas:

1. The amount of $14,968.09 as the balance due, owing, and unpaid.
2. All costs of [the default judgment] proceeding.
3. Post-judgment interest on said sums from the date of Judgment until paid at the rate of 5.0% per annum, which is the legal rate under §304.004. TEX. FINANCE CODE, compounded annually in accordance with § 304.006, TEX. FINANCE CODE.

ECF No. 14-1 at 2.

American Express retained Suttell, a law firm based in Bellevue, Washington,

to collect from Vougas pursuant to the default judgment. ECF Nos. 14 at 2; 17 at 1.

Vougas contests Suttell's assertion that American Express hired Suttell to collect the

$14,968.09 without the interest, and maintains that "[i]n all likelihood, American

Express hired Suttell & Hammer to collect the entire judgment amount, not just the

original amount of the judgment listed in Suttell's letter, but discovery is needed to

prove this." ECF No. 17 at 1.

Suttell sent Vougas a letter dated March 22, 2019, informing her that Suttell had

taken responsibility for collecting her debt to American Express in the amount of

$14,968.09, the subject of a judgment entered on July 19, 2012. ECF No. 14-1 at 5.

The letter further provided Vougas with a reference number and partial account

number associated with her debt and informed her:

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTION TO STRIKE ~ 2

> We have a wide range of payment options that may be available to assist you with the repayment of the above-referenced debt. We are committed to assisting you in resolving the outstanding balance owed on the above account.
>
> Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

ECF No. 14-1 at 5.

Vougas filed the Complaint in this matter on October 22, 2018. ECF No. 1. Vougas claimed a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Washington Collection Agency Act ("WCAA"), ch. 19.16 Revised Code of Washington ("RCW"). Vougas alleged in her complaint that "[w]ithin the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff." Vougas continued, "Defendant's conduct violated the FDCPA and WCAA in multiple ways, including the following." Vougas then specified only one action by Suttell that allegedly violated the FDCPA and WCAA:

> Violating the FDCPA and WCAA by failing to disclose the interest rate and other details applicable to the debt in the initial letter to Plaintiff (15 USC 1692e & g(a) & RCW 19.16.250(8)(c)).

ECF No. 1 at 2.

The Jury Trial Scheduling Order entered in this matter set April 12, 2019, as the deadline for any motion to amend pleadings. On April 17, 2019, Vougas served

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE ~ 3

1   written discovery requests on Suttell and requested a deposition of a Suttell

2   representative.  ECF No. 19 at 2.

3           On April 26, 2019, Suttell moved for summary judgment and noted its motion

4   for hearing for two weeks after the May 31, 2019 discovery cutoff.  *See* ECF Nos. 11

5   at 4; 12 at 1.  Suttell filed a declaration from Erin Patterson, an attorney at the Suttell

6   firm, along with four business record exhibits attached to the declaration.  ECF No.

7   14.

8           Vougas filed her opposition to Suttell's Motion for Summary Judgment on May

9   17, 2019.  ECF No. 15.  Suttell timely answered Vougas's written discovery, and, on

10  May 30, 2019, provided Ms. Patterson for deposition as a Suttell representative.  ECF

11  No. 19 at 2.  Suttell's defense counsel, who attended Patterson's deposition, declared

12  under penalty of perjury that "Ms. Patterson's deposition and the documents produced

13  by Suttell are consistent with the Patterson Declaration, ECF No. 14, that was

14  submitted to the Court in support of Suttell's motion for summary judgment."  ECF

15  No. 19 at 2.

16          Vougas filed her Motion for Partial Summary Judgment on June 21, 2019, four

17  days after Suttell's Motion for Summary Judgment was set for hearing without oral

18  argument.  ECF No. 20.  Vougas set her motion for hearing on August 12, 2019,

19  without oral argument.  In support of Vougas's "Statement of Undisputed Material

20  Facts in Support of Motion for Partial Summary Judgment," Vougas cites to

21  Patterson's deposition transcript for the statement that "Defendant knew the date of

last payment by Plaintiff as of the date the March 22 letter was sent." ECF No. 21 at 2. For the remainder of Vougas's statements of fact, she cites to the documentation that Suttell submitted in support of its Motion for Summary Judgment.

## DISCOVERY REQUEST

Vougas asserts that Suttell's Motion for Summary Judgment is "premature" and asks for "time to take discovery." ECF No. 15 at 1−2. In support of Vougas's request, she submits a declaration from her attorney that:

> In [her attorney's] opinion, the limited evidence provided by Defendant to date is entirely consistent with the idea that Defendant misrepresented the character, amount, or legal status of the debt in its letter by failing to inform Plaintiff that interest had been and would continue to be added to the amount listed in the letter, until paid[; and]

> In [her attorney's] opinion, and based on the limited evidence provided by the Defendant to date, it seems likely that Defendant had no arrangement with American Express to the effect of limiting the interest awarded by the Texas court, and instead that Defendant simply misstated or incompletely stated the amount of the debt by failing to inform Plaintiff that interest would cause the amount to increase on the principal amount.

ECF No. 16 at 1−2.

The Ninth Circuit has held: "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f). Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Barona Group of Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc.*, 840 F.2d 1394, 1400 (9th Cir. 1987) (discussing Rule 56(d), formerly Rule 56(f)). Moreover,

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE ~ 5

under Rule 56(d), an opposing party must make clear what information is sought and how it would preclude summary judgment. *Id*.

In addition to failing to file a separate motion seeking discovery, the declaration of Vougas's counsel does not make clear what information Vougas seeks or how it would preclude summary judgment. Rather, Vougas's counsel states a conclusory belief that "Defendant had no arrangement with American Express to the effect of limiting the interest awarded by the Texas court, and instead that Defendant simply misstated or incompletely stated the amount of the debt by failing to inform Plaintiff that interest would cause the amount to increase on the principal amount." ECF No. 16 at 1. Given that Vougas received responses to all of her discovery requests before the hearing date of Suttell's Motion for Summary Judgment and several weeks before filing her own Motion for Partial Summary Judgment, the Court denies the request for additional discovery.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit

1 under the governing law." *Id*. "Factual disputes that are irrelevant or unnecessary

2 will not be counted." *Id*.

3      The moving party bears the initial burden of demonstrating the absence of a

4 genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party

5 meets this challenge, the burden shifts to the nonmoving party to "set out specific

6 facts showing a genuine issue for trial." *Id*. at 324 (internal quotations omitted). "A

7 non-movant's bald assertions or a mere scintilla of evidence in his favor are both

8 insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929

9 (9th Cir. 2009). In deciding a motion for summary judgment, the court must construe

10 the evidence and draw all reasonable inferences in the light most favorable to the

11 nonmoving party. *T.W. Elec. Serv., Inc. v. Pacific Electric Contractors Ass'n*, 809

12 F.2d 626, 631–32 (9th Cir. 1987).

13      "[W]hen parties submit cross-motions for summary judgment, each motion

14 must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v.*

15 *Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotation omitted).

16 Therefore, "[t]he court must rule on each party's motion on an individual and separate

17 basis, determining, for each side, whether a judgment may be entered in accordance

18 with the Rule 56 standard." *Id*. (quoting Wright, et al., Federal Practice and Procedure

19 § 2720, at 335-36 (3d ed. 1998)).

20 / / /

21 / / /

**DISCUSSION**

***Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion to Strike***

Vougas seeks partial summary judgment in her favor on the issue of whether Suttell violated the WCCA, RCW § 19.16.250(8)(e)(ii), "by failing to include the date of Plaintiff's last payment in the March 22, 2018, letter sent to Plaintiff." ECF No. 20 at 1. Suttell opposes Vougas's motion and also moves to strike it on the basis that Vougas improperly seeks judgment on an unpleaded claim. ECF Nos. 23, 25, and 28.

Section 19.16.250(8)(e)(ii), RCW, provides:

> If the notice, letter, message, or form is the first notice to the debtor, an itemization of the claim asserted must be made including the following information:
>
> (i) The original account number or redacted original account number assigned to the debt, if known to the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee must make a reasonable effort to obtain this information or cease efforts to collect on the debt until this information is provided; and
>
> (ii) The date of the last payment to the creditor on the subject debt by the debtor, if known to the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee must make a reasonable effort to obtain this information or cease efforts to collect on the debt until this information is provided.

There is no reference to section (8)(e)(ii) of RCW § 19.16.250 in Vougas's Complaint, and she did not raise the issue in responding to Suttell's summary judgment motion, discussed below. Rather, Vougas's alleged basis for liability in the Complaint is "failing to disclose the interest rate and other details applicable to the

debt in the initial letter to Plaintiff" under 15 U.S.C. §§ 1692e and g(a) and RCW § 19.16.250(8)(c).  ECF No. 1 at 2.

The Ninth Circuit has held that a plaintiff may not proceed on a new theory of liability at the summary judgment stage, after the close of discovery and having failed to previously move to amend her complaint.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).  Adding a new theory of liability at summary judgment prejudices the defendant where defendant was not on notice of "the evidence it needs to adduce in order to defend against the plaintiff's allegations."  *Coleman*, 232 F.3d at 1292.

In both the response to Vougas's Motion for Partial Summary Judgment and in Suttell's Motion to Strike, Suttell argues that it had no opportunity to take discovery with respect to the allegation that Suttell should have included the date of Vougas's last payment and that a Complaint may not be amended by statements in a brief. Suttell further argues that Vougas would not be able to show that the newly alleged violation of the WCAA caused any financial harm to her.

The Court agrees that the Motion for Partial Summary Judgment must be denied on the ground that it improperly presents a new claim that should have been presented in the Complaint or through an amended complaint.  *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[O]ur precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is

insufficient to present the claim to the district court."); *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.").[1]  In denying Vougas's Motion for Partial Summary Judgment on that basis, the Court also denies as moot Suttell's Motion to Strike.

***Defendant's Motion for Summary Judgment***

Suttell argues for summary judgment dismissal of this action on the basis that there was nothing that Suttell failed to disclose to Vougas under either federal or state law.  ECF No. 12 at 1–2.  Vougas responds that genuine issues of material fact preclude summary judgment.  ECF No. 15 at 3.

Section 19.16.250(8)(c), RCW, requires an initial letter to a debtor to include: (1) the amount owing on the original obligation at the time that the debt collector received it; (2) "[i]nterest . . ., *if any*, added to the original obligation by the original creditor . . . before it was received" by the debt collector, "if such information is known" by the debt collector; and (3) [i]nterest or service charge, *if any*, added by the" debt collector after it received the obligation for collection.  The materials

---

[1] The Court notes that even if denial of Vougas's motion were not compelled by the issue of first presenting a claim at summary judgment, the parties dispute a material question of fact with respect to liability based on a failure to include the last payment date.  Section 19.16.250(8)(e)(ii), RCW, requires a notice to the debtor to include the "date of last payment to the creditor on the subject debt" only if the date is known to the creditor.  However, Suttell brought forth evidence indicating that it did not have actual knowledge of when Vougas last made a payment, only an indication in the records of when the last payment may have been made.  *See* ECF Nos. 25 at 2; 26 at 2.

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE ~ 10

submitted by Suttell indicate that Suttell only sought to collect the original amount of

the judgment, $14,968.09, without any interest or other fees added to that amount.

ECF No. 14 at 2.  Vougas produced nothing more than "bald assertions" to controvert

that fact.  *Stefanchik*, 559 F.3d at 929; *see* ECF No. 16 at 1−2 (". . . it seems likely that

Defendant had no arrangement with American Express to the effect of limiting the

interest awarded by the Texas court, and instead that Defendant simply misstated or

incompletely stated the amount of the debt by failing to inform Plaintiff that interest

would cause the amount to increase on the principal amount.").  There is no indication

in the record that Suttell ever tried to collect more than the original obligation amount.

The plain language of WCAA only requires the debt collector to disclose interest that

is added to the original obligation, and, here, none was added.  Therefore, as a matter

of law, there is no violation of violation of WCAA as alleged by Vougas.

Likewise, there is no material dispute of fact that would preclude summary

judgment on the FDCPA claim.  Section 1692e of the FDCPA, in relevant part,

prohibits "[t]he false representation of . . . the character, amount, or legal status of any

debt . . . ."  15 U.S.C. § 1692e.  Section 1692g requires that the debt collector include

in the written notice to the consumer "the amount of the debt[.]"  15 U.S.C. §

1692g(a)(1).

Vougas does not cite any authority to support that a debt collector must

affirmatively state that no interest is accruing when no interest is included in the

amount sought.  Two other district courts before which Vougas's counsel appeared

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTION TO STRIKE ~ 11

were similarly unpersuaded by the same argument. *See Powers v. Capital Mgmt. Servs., L.P.*, 2017 WL 3297997, at *2, 2017 U.S. Dist. LEXIS 121536, at *3−4 (D. Or. Aug. 2, 2017); *Santibanez v. Nat'l Credit Sys.*, 2017 WL 126111, at *3, 2017 U.S. Dist. LEXIS 4519, at *6−7 (D. Or. Jan. 12, 2017). Again, there is no indication that Suttell sought to collect a debt in a different amount than the amount contained in the letter that it sent to Vougas. Therefore, as a matter of law, Vougas's FDCPA claims cannot proceed.

The FDCPA provides for an award of reasonable attorney's fees and costs "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment . . . ." 15 U.S.C. § 1692k(a)(3). Given the lack of any authority cited by Vougas or evidence to support that Suttell indeed had violated the FDCPA, or the WCAA, the Court finds that the lawsuit was not undertaken in good faith. Therefore, an award of reasonable attorney's fees and costs is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment, **ECF No. 20**, is **DENIED.**

2. Defendant's Motion to Strike, **ECF No. 23**, is **DENIED AS MOOT**.

3. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

4. Judgment shall be entered for Defendant.

1    5. Defendant may submit a motion for reasonable attorney's fees and costs

2       and note the motion for hearing according to LCivR 7.

3    The District Court Clerk is hereby directed to enter this Order, enter

4 judgment as directed, provide copies to counsel, **and close this case**.

5    **DATED** this September 3, 2019.

6

7                                 _s/ Rosanna Malouf Peterson_
                                 ROSANNA MALOUF PETERSON
8                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTION TO STRIKE ~ 13